# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
## ASHEVILLE DIVISION
## 1:18-cv-173-FDW

| | |
|---|---|
| CIANO KIMBLE, ) | |
| Plaintiff, ) | |
| vs. ) | **ORDER** |
| FNU FRANCIS, et al., ) | |
| Defendants. ) | |

**THIS MATTER** is before the Court on initial review of *pro se* Plaintiff's Complaint, (Doc. No. 1). Plaintiff is proceeding *in forma pauperis*. See (Doc. No. 7).

## I. BACKGROUND

*Pro se* Plaintiff has filed a civil rights suit pursuant to 42 U.S.C. § 1983 for incidents that allegedly occurred at the Madison County Sheriff's Office.[1] He names as Defendants Madison County Sheriff's Office Correctional Officer Sgt. Francis, John Doe white male correctional officer, and Police Officer M. Carver.

Construing the Complaint liberally and accepting it as true, Plaintiff was a pretrial detainee on April 26, 2018, when he was being transferred to Central Prison for safekeeping due to a dispute with another inmate/family member at Madison County. Plaintiff was in full restraints in a cell when Plaintiff pulled away from a tight handcuff and he was choked by a large white male officer, placed in a chokehold, and tazed with Sergeant Francis' stun device. Plaintiff's hands were at his sides when he was tazed at least four times with a "dry stun" technique against his skin. A camera

---

[1] Plaintiff's address of record is at the Central Prison in Raleigh.

1

was ten to twelve feet away and might have captured the incident on camera. If Madison County cannot produce video of the confrontation, that is spoliation of evidence under the North Carolina Statutes.

In the "injures" section of the Complaint form, Plaintiff states "no medical treatment." (Doc. No. 1 at 5).

Plaintiff asks the Court to prosecute those involved in the breach of his rights, for damages, and the imposition of criminal penalties for those responsible for destroying his legal mail.

## II. STANDARD OF REVIEW

Because Plaintiff is a prisoner proceeding *in forma pauperis*, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). In its frivolity review, a court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). A complaint should not be dismissed for failure to state a claim "unless 'after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief.'" Veney v. Wyche, 293 F.3d 726, 730 (4th Cir. 2002) (quoting Edwards v. City of Goldsboro, 178 F.3d 231, 244 (4th Cir. 1999)).

A *pro se* complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972); see also Smith v. Smith, 589 F.3d 736, 738 (4th Cir. 2009) ("Liberal construction of the pleadings is particularly appropriate where … there is a *pro se* complaint raising civil rights

issues."). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990). A *pro se* complaint must still contain sufficient facts "to raise a right to relief above the speculative level" and "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007); see Ashcroft v. Iqbal, 556 U.S. 662 (2009) (the Twombly plausibility standard applies to all federal civil complaints including those filed under § 1983). This "plausibility standard requires a plaintiff to demonstrate more than a sheer possibility that a defendant has acted unlawfully." Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (internal quotation marks omitted). He must articulate facts that, when accepted as true, demonstrate he has stated a claim entitling him to relief. Id.

**III. DISCUSSION**

**(1) Parties**

**(a) No Allegations**

The Federal Rules of Civil Procedure require a complaint to contain a short and plain statement of the claim. Fed. R. Civ. P. 8(a)(2). Conclusory allegations, unsupported by specific allegations of material fact are not sufficient. Simpson v. Welch, 900 F.2d 33, 35 (4th Cir. 1990). A pleader must allege facts, directly or indirectly, that support each element of the claim. Dickson v. Microsoft Corp., 309 F.3d 193, 201-02 (4th Cir. 2002).

Plaintiff names Officer M. Carver as a Defendant but makes no allegations against him whatsoever. Therefore, the Complaint is dismissed as to Defendant Carver.

**(b) John Doe**

John Doe suits are permissible only against "real, but unidentified, defendants." Schiff v.

3

Kennedy, 691 F.2d 196, 197 (4th Cir. 1982). The designation of a John Doe defendant "is generally not favored in federal courts; it is appropriate only when the identity of the alleged defendant is not known at the time the complaint is filed and the plaintiff is likely to be able to identify the defendant after further discovery." Njoku v. Unknown Special Unit Staff, 217 F.3d 840, 840 (4th Cir. 2000). "[I]f it does not appear that the true identity of an unnamed party can be discovered through discovery or through intervention by the court, the court could dismiss the action without prejudice." Schiff, 691 F.2d at 197-98 (because it appeared that John Doe was an actual person, it was error for the district court to conclude that, under appropriate circumstances, this type of case would not be permitted).

Plaintiff alleges that an unnamed white male police/corrections officer who is 6'3" tall and weighs 260-290 pounds used excessive force against him at the Madison County Jail on April 26, 2018. These allegations are insufficient to identify the John Doe Defendant such that service can be made on him. Therefore, the claim against John Doe will be dismissed at this time, but the dismissal is without prejudice for Plaintiff to amend if he is able to identify the officer during discovery.

**(2)** **Excessive Force**

The Due Process Clause of the Fourteenth Amendment "protects a pretrial detainee from the use of excessive force that amounts to punishment," Graham v. Connor, 490 U.S. 386, 395 n.10 (1989), and is not "an incident of some other legitimate governmental purpose," Bell v. Wolfish, 441 U.S. 520, 538 (1989). While prisoners cannot be punished cruelly and unusually, pretrial detainees cannot be punished at all. Kingsley v. Hendrickson, 135 S.Ct. 2466 (2015). Therefore, for pretrial detainee excessive force cases two issues are examined: 1) was the act purposeful (not negligent or accidental), and 2) was the force objectively unreasonable. Subjective

4

questions like ill will and malice are not appropriate. Id. at 2473; see Duff v. Potter, 665 Fed. Appx. 242 (4th Cir. 2016). In determining whether the force was objectively unreasonable, a court considers the evidence from the perspective of a reasonable officer on the scene without the benefit of 20/20 hindsight. Kingsley, 135 S.Ct. at 2473. Considerations that bear on the reasonableness or unreasonableness of the force include: the relationship between the need for the use of force and the amount of force used; the extent of the plaintiff's injury; any effort made by the officer to temper or limit the amount of force; the severity of the security problem at issue; the threat reasonably perceived by the officer; and whether the plaintiff was actively resisting. Id. The standard is an objective one so the officer's motivation or intent is irrelevant. Duff, 665 Fed. Appx. at 244.

Plaintiff's claim that he was choked and repeatedly tazed while he was fully restrained in a cell sets forth an adequate claim of the use of excessive force. Therefore, this claim will be permitted to proceed against **Defendant Francis**.

**(3)** **Due Process**

The Fourteenth Amendment's Due Process Clause provides that no person shall be deprived of "life, liberty, or property, without due process of law." U.S. Const. Amend XIV. The first inquiry in any due process challenge is whether the plaintiff has been deprived of a protected interest in property or liberty that was accomplished by state action. Tigrett v. The Rector and Visitors of the Univ. of Va., 290 F.3d 620, 628 (4th Cir. 2002); Stone v. Univ. of Md. Med. Sys. Corp., 855 F.2d 167, 172 (4th Cir. 1988). "Unless there has been a 'deprivation' by 'state action,' the question of what process is required and whether any provided could be adequate in the particular factual context is irrelevant, for the constitutional right to 'due process' is simply not implicated." Stone, 855 F.2d at 172.

Plaintiff alleges that Defendants "violated [his] due process," and he seeks criminal penalties against "those responsible for the destruction of [his] legal mail." (Doc. No. 1 at 3, 12).

This claim is too vague and conclusory to support relief because it is devoid of any factual support. Therefore it will be dismissed.

**(4)     Deliberate Indifference**

"[T]he Eighth Amendment's prohibition against 'cruel and unusual punishments' [extends] to the treatment of prisoners by prison officials," Hill v. Crum, 727 F.3d 312, 317 (4th Cir. 2013), and "forbids the unnecessary and wanton infliction of pain," id. (internal quotation marks omitted). As the Supreme Court has explained, "deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment." Estelle v. Gamble, 429 U.S. 97, 104 (1976) (citation and internal quotation marks omitted). The deliberate indifference standard has two components. The plaintiff must show that he had serious medical needs, which is an objective inquiry, and that the defendant acted with deliberate indifference to those needs, which is a subjective inquiry. See Iko v. Shreve, 535 F.3d 225, 241 (4th Cir. 2008). A "serious medical need" is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Id. at 241 (internal quotation marks omitted).

Plaintiff's bald assertion that he received "no medical treatment," (Doc. No. 1 at 5), is insufficient to state a deliberate indifference claim. Therefore, this claim will be dismissed.

**(5)     Supplemental Jurisdiction**

The district courts have supplemental jurisdiction over claims that are so related to the claims over which the court has original jurisdiction that they "form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). A court may

decline to exercise supplemental jurisdiction if: (1) the claim raises a novel or complex issue of state law; (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction; (3) the district court has dismissed all claims over which it has original jurisdiction; or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction. 28 U.S.C. § 1367(c)(1)-(4).

Plaintiff states that he believes the incident was caught on camera, "see: N.C. Statute – Spoliation of Evidence (if Madison County Cannot produce this video Confrontation)." (Doc. No. 1 at 12).

It is unclear whether Plaintiff is attempting to state a claim under North Carolina law. If so, his allegations are too vague and conclusory to proceed and the Court declines to exercise its supplemental jurisdiction at this time.

## IV. CONCLUSION

For the reasons stated herein, the Plaintiff's excessive force claims are sufficient to pass initial review against Sergeant Francis pursuant to 28 U.S.C. § 1915. The remaining claims are dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Plaintiff may file a superseding Amended Complaint within 14 days in which he may attempt to cure the deficiencies identified in this Order.

**IT IS, THEREFORE, ORDERED** that:

1. The excessive force claim against Sergeant Francis survives initial review under 28 U.S.C. § 1915.

2. The remaining claims are dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

3. Plaintiff shall have 14 days in which to file a superseding Amended Complaint in

accordance with this Order and all applicable rules and procedures. If Plaintiff fails to file an Amend Complaint within the time limit set by the Court, this action will proceed on the original Complaint, (Doc. No. 1).

4. The Clerk is directed to mail a copy of the Complaint, (Doc. No. 1), and a new Section 1983 complaint form to Plaintiff.

5. **IT IS FURTHER ORDERED THAT** the Clerk is directed to mail a summons form to Plaintiff for Plaintiff to fill out and return for service of process on Defendant **Francis**. Once the Court receives the summons form, the Clerk shall then direct the U.S. Marshal to effectuate service on Defendant. The Clerk is respectfully instructed to note on the docket when the form has been mailed to Plaintiff.

Signed: August 14, 2018

Frank D. Whitney
Chief United States District Judge