UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:18-cv-173-FDW

| CIANO KIMBLE, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | **ORDER** |
| DENTON FRANCES, et al., | ) | |
| Defendants. | ) | |

**THIS MATTER** is before the Court on initial review of *pro se* Plaintiff's Amended Complaint, (Doc. No. 12). Plaintiff is proceeding *in forma pauperis*. See (Doc. No. 7).

I.  **BACKGROUND**

*Pro se* Plaintiff has filed a civil rights suit pursuant to 42 U.S.C. § 1983 for incidents that allegedly occurred at the Madison County Sheriff's Office. He names as Defendants Madison County Sheriff's Office Sergeants Denton Frances and Shealton.

Construing the Amended Complaint liberally and accepting it as true, Plaintiff was a pretrial detainee on April 26, 2018, when he was being transferred to Central Prison for safekeeping due to a dispute with another inmate/family member at Madison County Jail. Plaintiff was in full restraints in a cell when Plaintiff pulled away from a tight handcuff and he was choked by a Sgt. Shealton, placed in a chokehold, and tazed with Sgt. Frances' stun device. Plaintiff's hands were at his sides when he was tazed at least four times with a "dry stun" technique against his skin. A camera was ten to twelve feet away and might have captured the incident on camera. If Madison County cannot produce video of the confrontation, that is spoliation of evidence under the North Carolina Statutes.

1

Plaintiff sustained injuries including a broken hand. Plaintiff asks the Court to prosecute those involved in the breach of his rights and for damages.

## II. STANDARD OF REVIEW

Because Plaintiff is a prisoner proceeding *in forma pauperis*, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). In its frivolity review, a court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). A complaint should not be dismissed for failure to state a claim "unless 'after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief.'" Veney v. Wyche, 293 F.3d 726, 730 (4th Cir. 2002) (quoting Edwards v. City of Goldsboro, 178 F.3d 231, 244 (4th Cir. 1999)).

A *pro se* complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972); see also Smith v. Smith, 589 F.3d 736, 738 (4th Cir. 2009) ("Liberal construction of the pleadings is particularly appropriate where … there is a *pro se* complaint raising civil rights issues."). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990). A *pro se* complaint must still contain sufficient facts "to raise a right to relief above the speculative level" and "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007);

see Ashcroft v. Iqbal, 556 U.S. 662 (2009) (the Twombly plausibility standard applies to all federal civil complaints including those filed under § 1983). This "plausibility standard requires a plaintiff to demonstrate more than a sheer possibility that a defendant has acted unlawfully." Frances v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (internal quotation marks omitted). He must articulate facts that, when accepted as true, demonstrate he has stated a claim entitling him to relief. Id.

### III. DISCUSSION

The Due Process Clause of the Fourteenth Amendment "protects a pretrial detainee from the use of excessive force that amounts to punishment," Graham v. Connor, 490 U.S. 386, 395 n.10 (1989), and is not "an incident of some other legitimate governmental purpose," Bell v. Wolfish, 441 U.S. 520, 538 (1989). While prisoners cannot be punished cruelly and unusually, pretrial detainees cannot be punished at all. Kingsley v. Hendrickson, 135 S.Ct. 2466 (2015). Therefore, for pretrial detainee excessive force cases two issues are examined: 1) was the act purposeful (not negligent or accidental), and 2) was the force objectively unreasonable. Subjective questions like ill will and malice are not appropriate. Id. at 2473; see Duff v. Potter, 665 Fed. Appx. 242 (4th Cir. 2016). In determining whether the force was objectively unreasonable, a court considers the evidence from the perspective of a reasonable officer on the scene without the benefit of 20/20 hindsight. Kingsley, 135 S.Ct. at 2473. Considerations that bear on the reasonableness or unreasonableness of the force include: the relationship between the need for the use of force and the amount of force used; the extent of the plaintiff's injury; any effort made by the officer to temper or limit the amount of force; the severity of the security problem at issue; the threat reasonably perceived by the officer; and whether the plaintiff was actively resisting. Id. The standard is an objective one so the officer's motivation or intent is irrelevant. Duff, 665 Fed. Appx.

3

at 244.

Plaintiff's claim that he was choked and repeatedly tazed while he was fully restrained in a cell sets forth an adequate claim of the use of excessive force. Therefore, this claim will be permitted to proceed against **Defendants Frances** and **Shealton**.

IV. CONCLUSION

For the reasons stated herein, the Plaintiff's excessive force claims are sufficient to pass initial review against Defendants Frances and Shealton pursuant to 28 U.S.C. § 1915.

**IT IS, THEREFORE, ORDERED** that:

1. The excessive force claims against Defendants Frances and Shealton survive initial review under 28 U.S.C. § 1915.

2. The remaining claims are dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

3. **IT IS FURTHER ORDERED THAT** the Clerk shall direct the U.S. Marshal to effectuate service on Defendants.

Signed: September 13, 2018

Frank D. Whitney
Chief United States District Judge