UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:18-cv-173-FDW

| CIANO KIMBLE, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | **ORDER** |
| DENTON FRANCES, et al., | ) | |
| Defendants. | ) | |

**THIS MATTER** comes before the Court on Motion to Dismiss or, in the Alternative, Motion for Summary Judgment filed by Defendant Denton Frances, (Doc. No. 24), and on the Court's Order that Plaintiff show cause why Defendant Shealton should not be dismissed from this action without prejudice, (Doc. No. 31).

## I. BACKGROUND

Plaintiff filed *pro se* Complaint pursuant to 42 U.S.C. § 1983 for incidents that allegedly occurred at the Madison County Sheriff's Office. The Amended Complaint passed initial review on Plaintiff's excessive force claims against Defendants Frances Denton and Sergeant Shealton, both of whom allegedly worked at the Madison County Jail. See (Doc. No. 13).

Defendant Denton was served and has filed the instant Motion to Dismiss/for Summary Judgment arguing that Plaintiff failed to exhaust his administrative remedies. Defendant Shealton has not been served to date and Plaintiff has been ordered to show cause why this action should not be dismissed as to Defendant Shealton.

**(1)** **Amended Complaint** (Doc. No. 12)

1

Plaintiff alleges in his verified Amended Complaint that he was a pretrial detainee on April 26, 2018, when he was being transferred to Central Prison for safekeeping due to a dispute with another inmate/family member at Madison County Jail. Plaintiff was in full restraints in a cell when Plaintiff pulled away from a tight handcuff and he was choked by a Sergeant Shealton, placed in a chokehold, and tazed with Sgt. Francis' stun device. Plaintiff's hands were at his sides when he was tazed at least four times with a "dry stun" technique against his skin. A camera was ten to twelve feet away and might have captured the incident on camera. If Madison County cannot produce video of the confrontation, that is spoliation of evidence under the North Carolina Statutes. Plaintiff sustained injuries including a broken hand. Plaintiff states with regards to exhaustion, "I was shipped before any grievance process was made." (Doc. No. 12 at 8). He asks the Court to prosecute those involved in the breach of his rights and for damages.

**(2)** **Defendant Denton's Motions to Dismiss or for Summary Judgment** (Doc. No. 24)

Defendant Denton seeks dismissal for failure to state a claim pursuant to Rule 12(b)(6), or alternatively for summary judgment pursuant to Rules 12(d) and 56 based on Plaintiff's failure to exhaust administrative remedies under the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a).

Defendant Denton argues that, at the time of Plaintiff's incarceration, the Jail had a formal written policy concerning inmate grievances. Newly admitted inmates are informed of the Jail's grievance policy when they arrive at the Jail and attempt to use the kiosk. The Jail Administrator reviews grievances and responds. Inmates may appeal the response to a higher ranked officer. Plaintiff failed to exhaust his administrative remedies through the Jail's grievance policies. He filed no grievances concerning the April 26, 2018 assault. Plaintiff is not excused from the exhaustion requirement because he was shipped before any grievance process was made, and because he is now housed at Central Prison. The grievance procedure was available to Plaintiff

2

despite his transfer but he chose not to use it. Plaintiff had time to file a grievance before he was transported and he did not attempt to file a grievance or send a letter to the Jail about the incident either before or after his transfer.

**(3)** **Plaintiff's Response** (Doc. Nos. 29)

The Court issued an Order pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), instructing Plaintiff regarding his right to respond to Defendant's Motion. See (Doc. No . 25).

Plaintiff filed a one-page unverified Response that states *verbatim*:

> Opon [sic] Information on 4-26-18 at appx 2:45 & 3:00 at the time of accident 1-18cv175 I Ciano Kimble could not file or exhaust admin remedies do to the fact that I was shipped out to central prison where opon [sic] arrivle [sic] central prison did not have an grievance procedure and I ask for the court to subpenia [sic] the footage vide of the accident on 4/26/18.

(Doc. No. 29).

**(4)** **Defendant Frances' Reply** (Doc. No. 30)

Plaintiff does not dispute the claim that he failed to file any grievances. However, he claims that his failure to exhaust should be excused because he was shipped to Central Prison after the incident. Plaintiff's transfer did not render the grievance procedure "unavailable" because Plaintiff had at least 30 minutes to file a grievance before he was transported, and he had over 16 ½ hours upon his return to the Jail on August 6-7, 2018 to file a grievance but failed to do so. (Doc. No. 30 at 1). Nor does Plaintiff attempt to excuse his failure to comply with the grievance procedure while he was at Central Prison.

**(5)** **Defendant Shealton**

The United States Marshal was unable to serve Defendant Shealton and returned the summons unexecuted on September 21, 2018, stating that Sheriff Buddy Harwood refused service because "he does not have an officer here by that name nor similar name." (Doc. No. 16 at 1). On

September 28, 2018, the Court ordered Plaintiff to provide any and all information about Defendant Shealton to assist the Marshal in identifying that person and effectuating service. (Doc. No. 17). On October 10, 2018, the Court ordered Plaintiff to either return the filled-out summons form or show cause why he failed to comply with the Court's September 28 Order. (Doc. No. 20). Plaintiff submitted a proposed summons on October 17, 2018 that was issued electronically to the Marshal for service on October 19, 2018. (Doc. Nos. 21, 23). The summons was returned unexecuted on November 5, 2018, stating: "Process was refused by Sheriff Buddy Harwood because he does not have an officer by that name or similar name." (Doc. No. 23 at 1).

On February 1, 2019, Plaintiff was ordered to show cause why his claims against Defendant Shealton should not be dismissed without prejudice pursuant to Rule 4(m) of the Federal Rules of Civil Procedure. He was cautioned that the failure to respond to the Order within 14 days would "likely result in the dismissal of this case without prejudice and without further notice as to Defendant Shealton." (Doc. No. 31 at 2). The Order was mailed to Plaintiff on February 1, was returned to sender, and was re-mailed on February 23, 2019. See (Doc. No. 32). Plaintiff has not responded to the Court's February 1 Order.

**(6)** **Evidence**[1]

Pursuant to the Jail's written policy entitled "Inmate Grievance Procedure," an inmate may file a grievance using a grievance form or the jail kiosk. (Doc. No. 24-2 at 2-3); (Doc. No. 24-3). The grievance must detail the circumstances of the complaint. (Id.). Grievances are routed to the Jail Administrator for a response. Inmates may appeal the response to a higher ranked officer. Newly admitted inmates are informed of the Jail's grievance policy when they arrive at the Jail and attempt to use the jail kiosk. (Doc. No. 24-2 at 3). The kiosk contains the inmate handbook

---

[1] This section is not exhaustive.

which details the policies and procedures applicable to inmates at the Jail. Included in this handbook is section XI, entitled "Grievance Procedure," which summarizes the grievance process at the Jail. (Id.); (Doc. No. 24-4 at 2).

Plaintiff was arrested on April 20, 2018 and was incarcerated at the Jail. (Doc. No. 24-5 at 2). On April 26, 2018, Plaintiff was the subject of a safekeeping order sending him to Central Prison in Raleigh. (Doc. No. 24-2 at 3); (Doc. No. 24-6). While Plaintiff was being prepped for transport to Central Prison, he was involved in an altercation with Madison County Sheriff's Office employee Frances Denton. (Doc. No. 24-2 at 3). That altercation is the basis of this lawsuit. (Doc. No. 24-2 at 3). Plaintiff was transported from the Jail to Central Prison around 3:14 PM on April 26, 2018. Plaintiff stayed in Central Prison until August 6, 2018, when he was transported back to the Jail at 9:15 PM. See (Doc. No. 24-8). He stayed at the Jail until August 7, 2018 at 3:32 PM when he was transported to the Buncombe County Jail. (Id.).

Madison County Sheriff's Office Chief Deputy Coy Phillips reviewed the Jail's inmate grievances to determine whether Plaintiff filed any grievances arising from the alleged assault on April 26, 2018 and determined that Plaintiff did not file any grievances as a result of the alleged assault on April 26, 2018. (Doc. No. 24-2 at 4). The Sheriff's Office has not received any correspondences from Plaintiff concerning the alleged assault on April 26, 2018. (Doc. No. 24-2 at 4).

## II.  LEGAL STANDARDS

**(1)  Dismissal**

A motion to dismiss under Rule 12(b)(6) determines only whether a claim is stated; "it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses," Republican Party v. Martin, 980 F.2d 943, 952 (4th Cir.1992). A claim is stated if the

complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In evaluating whether a claim is stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement." Nemet Chevrolet, Ltd. v. Consumeraffairs.com. Inc., 591 F.3d 250, 255 (4th Cir. 2009). Nor does a court accept as true "unwarranted inferences, unreasonable conclusions, or arguments." Wahi v. Charleston Area Med. Ctr., Inc., 562 F.3d 599, 615 n. 26 (4th Cir. 2009).

**(2)** **Summary Judgment**

Summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fec. R. Civ. P. 56(a). A factual dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A fact is material only if it might affect the outcome of the suit under governing law. Id.

The movant has the "initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (internal citations omitted).

Once this initial burden is met, the burden shifts to the nonmoving party. The nonmoving party "must set forth specific facts showing that there is a genuine issue for trial." Id. at 322 n.3. The nonmoving party may not rely upon mere allegations or denials of allegations in his pleadings

6

to defeat a motion for summary judgment. Id. at 324. The nonmoving party must present sufficient evidence from which "a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 U.S. at 248; accord Sylvia Dev. Corp. v. Calvert County, Md., 48 F.3d 810, 818 (4th Cir. 1995).

As a general rule, when one party files a motion for summary judgment, the non-movant cannot merely rely on matters pleaded in the complaint, but must, by factual affidavit or the like, respond to the motion. Celotex, 477 U.S. at 324 ; Kipps v. Ewell, 538 F.2d 564, 566 (4th Cir. 1976); Fed. R. Civ. P. 56(e). However, a *verified* complaint, like the Amended Complaint that Plaintiff filed, is the equivalent of an opposing affidavit for summary judgment purposes, when the allegations contained therein are based on personal knowledge. Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991); Davis v. Zahradnick, 600 F.2d 458, 459–60 (4th Cir. 1979) (holding that the factual allegations contained in a verified complaint establish a prima facie case under 42 U.S.C. § 1983, so as to preclude summary judgment).

When ruling on a summary judgment motion, a court must view the evidence and any inferences from the evidence in the light most favorable to the nonmoving party. Anderson, 477 U.S. at 255. "'Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial.'" Ricci v. DeStefano, 557 U.S. 557, 586 (2009) (quoting Matsushita v. Zenith Radio Corp., 475 U.S. 574, 587 (1986)).

### III. DISCUSSION

**(1) Exhaustion**

The Prison Litigation Reform Act ("PLRA") requires a prisoner to exhaust his administrative remedies before filing a section 1983 action. 42 U.S.C. § 1997e(a). The PLRA provides, in pertinent part: "[n]o action shall be brought with respect to prison conditions under

section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Id. The PLRA's exhaustion requirement applies to all inmate suits about prison life. Porter v. Nussle, 534 U.S. 516 (2002). Exhaustion is mandatory. Id. at 524 (citation omitted); Jones v. Bock, 549 U.S. 199, 211 (2007). Exhaustion must take place before the commencement of the civil action in order to further the efficient administration of justice. Id. A prisoner is not entitled to exhaust administrative remedies during the pendency of an action. Cannon v. Washington, 418 F.3d 714, 719 (7th Cir. 2005); Freeman v. Francis, 196 F.3d 641, 645 (6th Cir. 1999). The PLRA requires "proper" exhaustion, that is, "using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits).'" Woodford v. Ngo, 548 U.S. 81, 90 (2006) (quoting Pozo v. McCaughtry, 286 F.3d 1022, 1024 (7th Cir. 2002)).

"The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." Jones, 549 U.S. at 218. It is well settled that a grievance does not have to mention a defendant by name so long as the grievance gives the defendant fair notice of the claim. See Moore v. Bennette, 517 F.3d 717, 729 (4th Cir. 2008) (NC DPS's administrative remedy procedure does not require a plaintiff to name each defendant in his grievances). However, regardless of whether a particular defendant is named in a grievance, if the grievance fails to give prison authorities fair notice of, and the opportunity to address, the problem that will later form the basis of the suit against that defendant, dismissal of that defendant is appropriate. See Davidson v. Davis, 2015 WL 996629 at *3 (W.D.N.C. Mar. 6, 2015) (citing Johnson v. Johnson, 385 F.3d 503, 516-17 (5th Cir. 2004)).

The record reflects that Plaintiff did not file any grievances whatsoever about the April 26,

8

2018 incident either at the Jail prior to his transfer, at Central Prison, or upon his return to the Jail on August 6-7, 2018. Plaintiff states in his verified Amended Complaint that he "was shipped before any grievance process was made." (Doc. No. 12 at 8). However, he does not contest Defendant Denton's assertions that he could have used the Jail's grievance procedure prior to his transfer, during his stay at Central Prison, or upon his return to the Jail in August.

Plaintiff did not attempt to put Defendants on fair notice of his claim of excessive force with regards to the April 26, 2018 incident in any grievance whatsoever before the Complaint was filed. Therefore, Defendants Motion will be granted.

**(2)** **Service**

Rule 4(m) of the Federal Rules of Civil Procedure allows a court to dismiss *sua sponte* unserved defendants after 90 days following the filing of the complaint. Fed. R. Civ. P. 4(m); see also Fed. R. Civ. P. 6(b)(1)(B) (when an act must be done within a specified time, a court may, for good cause, extend that time on motion made after the time has expired if the party failed to act because of excusable neglect).

The Complaint in the instant case was signed on May 23, 2018 and docketed on June 15, 2018. (Doc. No. 1). More than 90 days have expired and Defendant Shealton has not been served. Plaintiff was ordered to show cause why this case should not be dismissed as to Defendant Shealton for lack of services. Plaintiff failed to respond. Accordingly, even if Plaintiff had not failed to exhaust his administrative remedies, the Court would dismiss the Amended Complaint against Defendant Shealton on its own motion in accordance with Rule 4(m).

**V.    CONCLUSION**

In sum, for the reasons stated herein, Defendant Denton's Motion to Dismiss and, in the Alternative, for Summary Judgment is granted as to all Defendants. Alternatively, *sua sponte*

9

dismissal is warranted with regards to Defendant Shealton in accordance with Rule 4(m).

**IT IS, THEREFORE, ORDERED** that:

1. Defendant Denton Frances' Motion to Dismiss or, in the Alternative, Motion for Summary Judgment, (Doc. No. 24), is **GRANTED** and this case is dismissed as to all Defendants.

2. Alternatively, the Amended Complaint is **DISMISSED** as to Defendant Shealton on the Court's own motion pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.

3. The Clerk of Court is instructed to close this case.

Signed: March 20, 2019

Frank D. Whitney
Chief United States District Judge